1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    DOUGLAS SHARRON PIGGEE,                    No.  2:25-cv-3182 SCR P

11                   Plaintiff,

12          v.

13    U.S. MARSHAL FOR THE EASTERN             ORDER
      DISTRICT OF CALIFORNIA, et al.,
14
                     Defendants.
15

16

17          Plaintiff is a federal pretrial detainee representing himself in this civil rights action filed

18    pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,

19    403 U.S. 388 (1971).  In his complaint, plaintiff alleges violations of his civil rights by defendants

20    who are employed by the United States Marshal Service in Sacramento.  Although the alleged

21    violations took place in Fresno County, the named defendants reside in Sacramento County.

22    Therefore, the court finds that this action need not be transferred to the Fresno Division of the

23    United States District Court for the Eastern District of California.  See Local Rule 120(f).

24          At the time of filing the complaint, plaintiff also filed a motion to proceed in forma

25    pauperis.  ECF No. 2.  The court will defer consideration of plaintiff's motion to proceed in forma

26    pauperis because it is incomplete.  The certificate portion of the request which must be completed

27    by plaintiff's institution of incarceration has not been filled out.  Also, plaintiff has not filed a

28    certified copy of his inmate trust account statement for the six month period immediately

                                            1

1    preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).  Plaintiff shall be provided the

2    opportunity to submit a completed in forma pauperis application and a certified copy in support of

3    the application within 30 days from the date of this order.

4    **I.        Statutory Screening of Prisoner Complaints**

5           The court is required to screen complaints brought by prisoners seeking relief against "a

6    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In

7    performing this screening function, the court must dismiss any claim that "(1) is frivolous,

8    malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

9    from a defendant who is immune from such relief."  Id. § 1915A(b).  A claim is legally frivolous

10   when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325

11   (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless

12   legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical

13   inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and

14   factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

15          In order to avoid dismissal for failure to state a claim a complaint must contain more than

16   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

20   court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

21   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

22   inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When

23   considering whether a complaint states a claim, the court must accept the allegations as true,

24   Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

25   favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

26          Moreover, there must be an actual connection or link between the actions of the

27   defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

28   Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71

1    (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's

2    "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a

3    series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which

4    [the defendant] knew or reasonably should have known would cause others to inflict a

5    constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks

6    and citation omitted).

7        **II.**    **Motion to Amend**

8        Before the court could screen the complaint, plaintiff filed a motion to amend his

9    complaint to add additional defendants.  ECF No. 4.  However, the court will not refer to a prior

10    pleading in order to make his amended complaint complete.  Local Rule 220 requires that an

11    amended complaint be complete in itself without reference to any prior pleading.  Pursuant to

12    Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as

13    a matter of course… within 21 days after serving it...."  Since the original complaint has not yet

14    been served, the court will grant plaintiff's motion to amend.  Plaintiff may file a first amended

15    complaint that includes all claims and defendants within 30 days from the date of this order.  Any

16    claims and defendants not included in the amended complaint will not be considered by the court.

17        Accordingly, IT IS HEREBY ORDERED that:

18        1.  Plaintiff shall submit, within thirty days from the date of this order, a completed

19    affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk

20    of Court, and a certified copy of the inmate trust account statement for the six month period

21    immediately preceding the filing of the complaint.

22        2.  The Clerk of the Court is directed to send plaintiff a new Application to Proceed In

23    Forma Pauperis By a Prisoner.

24        3.  Plaintiff's motion to amend the complaint (ECF No. 4) is granted.

25        4.  Within thirty days from the date of this order, plaintiff may file an amended complaint

26    that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure,

27    and the Local Rules of Practice.  The amended complaint must bear the docket number assigned

28    this case and must be labeled "First Amended Complaint."

5.  Failure to comply with the terms of this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

DATED: December 2, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE